

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

August 27, 1948

Hon. J. M. Falkner
Banking Commissioner
Austin, Texas

Attention:
  Mr. H. L. Bengtson,
  Deputy Commissioner

Opinion No. V-673.

Re: The necessity for a
Texas corporation to
maintain complete
books and records at
its Home Office rath-
er than at the office
of its parent company
in another state.

Dear Sir:

Your letter requesting an opinion by this of-
fice on the above titled subject matter is as follows:

"Re: Community Finance and Thrift
Corporation Dallas, Texas

"Dear Sir:

"The above captioned corporation is
a Loan and Brokerage Company, organized un-
der the laws of this State with Article
1303b, Revised Civil Statutes of Texas, as
amended, as its purpose clause. Its char-
ter defines the City of Dallas, Dallas Coun-
ty, Texas, as its principal place of busi-
ness. The capital stock of said corpora-
tion is $50,000.00, all of which has been
paid in. Subject corporation enjoys the pri-
vilege of issuing and selling single payment
and installment payment certificates under
the provisions of Section 7, Article 1524a,
Revised Civil Statutes of Texas, as amended
by Acts of 1945, 49th Legislature, H.B. 430.
Collateralization of certificates issued in
compliance with the amended portion of Sec-
tion 7 of Article 1524a seemingly does not
apply to corporations having a minimum capi-
tal of $50,000.00 where such sales are made
to debtors who are at the time indebted to
the issuer, but does obligate the Banking

Commissioner of Texas to make examination
to the same extent as if collateral were
required.

"As a matter of further explanation,
the subject corporation is reported to be
a wholly-owned subsidiary of the Family Fi-
nance Corporation, a Delaware corporation,
which corporation owns all of the stock of
its subsidiary units and controls their
operations through Security Bankers Manage-
ment Corporation, Wilmington, Delaware.

"Subject corporation has also estab-
lished approximately seven branch offices
in Texas and, from a supervisory standpoint
as related to the examining responsibility
of this Department, it is the considered
opinion of this office that the corporation
at its principal place of business, as de-
fined in its charter, namely, Dallas, Texas,
should maintain a system of record controls
as it affects itself and branch offices,
which will enable the Banking Commissioner
of Texas to determine from an examination
of such record controls the financial con-
dition of the corporation. The fact is
that all records of the Dallas office, as
well as those of its branch offices, are
maintained at the office of the Family Fi-
nance Corporation at Wilmington, Delaware,
the result of which makes it wholly impos-
sible to determine from an examination the
solvency of the domestic corporation with-
out consulting the records at Wilmington,
Delaware.

"Therefore, the question we desire to
submit to you for an opinion is:

"As a Domestic Corporation, would it not
be compelled to keep and maintain all
books and record controls at its defined
place of business rather than at the of-
fice of the so-called parent company in a
foreign State?"

We are of the opinion your question should be answered in the affirmative.

Article 1358 of the Revised Civil Statutes, governing private corporations, declares:

> "Each corporation or joint stock company of every description, whether organized and acting under a special charter or general law of this state, shall keep its principal office within this state."

Now, the word "office" as used here does not mean merely the building and furniture. It means the place of transacting its corporate business in the ordinary way that corporate affairs are transacted, and includes all proper and necessary books, records, files, and the like.

One of the reasons for this requirement, if reasons for the statute were required, has been stated by you. The corporation is subject to visitation and supervision by the Banking Commissioner, who transacts his official business within the territorial limits of the State, except in those instances where he is specially authorized to go beyond. A further and similar reason is found in Article 1366 of the Revised Civil Statutes, declaring:

> "Every corporation, domestic or foreign, doing business in Texas shall permit the Attorney General or any of his authorized assistants or representatives to make examination of all the books, accounts, records, minutes, letters, memoranda, documents, checks, vouchers, telegrams, constitution and by-laws, and every record of said corporation as often as he may deem necessary."

This contemplates that such examination may be done within the State of Texas where the corporation has its principal place of business and not in some other State in the office and possession of some other corporation not under the supervision, or subject to the examination of the Attorney General.

## SUMMARY

A corporation organized and doing business under the laws of the State of Texas is required to keep its books and records at its principal office in the State.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Ocie Speer_
Ocie Speer
Assistant

OS:wb

APPROVED:

_Price Daniel_
ATTORNEY GENERAL